**Ronald ZIMMERMAN; et al.,**
**Plaintiffs—Appellants,**

v.

**OAKLAND, CITY OF; et al.,**
**Defendants—Appellees.**

No. 03–15067.

D.C. No. CV–98–03245–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided Feb. 23, 2004.

Thomas E. Ho'okano, Law Office of Thomas E. Ho'Okano, San Francisco, CA, for Plaintiffs–Appellants.

Christopher Kee, Office of the City Attorney, Oakland, CA, Claudia Leed, Oakland City Attorney's Office, Oakland, CA, George H. King, Alexis K. Wodtke, King & Fishleder, Oakland, CA, for Defendants–Appellees.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellant Ronald Zimmerman's 1962 transit bus was towed and scrapped by the

---

* This disposition is not appropriate for publica-  tion and may not be cited to or by the courts

City of Oakland pursuant to a vehicle abatement ordinance. He sued the City of Oakland and Sergeant White ("City defendants") and Billy Taylor, Oakland Tow Car Association, A&B Auto, and Ken Betts' Towing ("Towing defendants") under multiple theories, including a claim under 42 U.S.C. § 1983 for deprivation of due process. The district court partially granted the City defendants' motion to dismiss, and later granted summary judgment to all defendants. In the course of the litigation, the district court awarded Ken Betts' Towing $10,000 in Rule 11 sanctions against Zimmerman and his attorney, Thomas Ho'okano. Zimmerman appeals the grant of both motions and the sanction award. We affirm the district court in all respects.

■ Zimmerman claims that two aspects of the abatement proceedings violated his rights of due process. First he challenges the adequacy of the abatement notices that he received, and second, he challenges the adequacy of the hearing after which his bus was actually seized.

As for the sufficiency of the notice, although normally applied with respect to criminal laws, the principle applies with equal force here that a law is vague only if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The notices clearly stated that the City believed the bus to be either or all "inoperable," "unregistered," "wrecked," "dismantled," or "abandoned," and that Zimmerman could avoid abatement by bringing the vehicle into compliance or moving it into an enclosed garage. Even without knowing the precise complaint, any reasonable person would conclude that the City's notice could be countered by a

demonstration that the bus was in good, operable condition, or by moving the bus indoors. Instead, Zimmerman did nothing, and the bus was evidently in the same condition and location at the time of the hearing as when it was initially tagged six weeks earlier.

■ With respect to the hearing conducted at Zimmerman's property, due process does not require that the "right" outcome be reached, but that the individual have the "opportunity to be heard at a meaningful time and in a meaningful manner." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 261, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987). It is a flexible standard, so that no single formula can apply to all hearings. *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) ("The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings."). Zimmerman was afforded an opportunity to be heard. Moreover, even if the first hearing had violated due process, a post-deprivation hearing was available to Zimmerman, but he declined to pursue it.

Zimmerman's contention that the district court incorrectly applied the summary judgment standard is without merit. He suggests that there is a disputed issue of material fact regarding the condition of the bus that is sufficient to preclude summary judgment. If the district court had been hearing a summary judgment motion as to whether the bus was properly abatable, these arguments would be important. But the district court here was not ruling on the merits of the abatement case, it was ruling on whether the hearing satisfied due process. The "actual" condition of the bus is largely irrelevant to that inquiry, so

of this circuit except as provided by Ninth Circuit Rule 36–3.

long as the hearing was conducted fairly and Zimmerman had notice and an opportunity to be heard.

When Zimmerman first filed the complaint, it was only against the City defendants and unspecified "Doe defendants." More than three years after the initial complaint (after the statute of limitations had run on all of Zimmerman's theories of liability), Zimmerman filed a Second Amended Complaint that sought to substitute the Towing defendants for the previously denominated Doe defendants pursuant to Cal.Civ.Proc.Code. § 474. The district court initially allowed the substitution, but on summary judgment concluded that because Zimmerman knew the identities of Ken Betts' Towing, A&B Auto, Billy Taylor, and the facts giving rise to claims against them at the time of the first complaint, substitution under § 474 was improper. After concluding that Zimmerman's knowledge prevented tolling of the statute of limitations, the court ruled that claims against these defendants were time-barred. It then granted summary judgment to the Oakland Tow Car Association ("OTCA") on the ground that there is no link between the actions Zimmerman complains of and the Association's contract with the City.

These rulings of the district court are also correct. Zimmerman's deposition clearly shows that he had knowledge of three of the Towing defendants at the time of the incident; when his attorney learned their identities is irrelevant. It is also irrelevant that Zimmerman did not know the details of the City's contract with OTCA. He knew who towed his vehicle and knew that that action was taken at the City's behest. If he had a claim against the Towing defendants, he knew enough at that time to bring it. As for the claim against the OTCA, Zimmerman presents no basis to support an independent claim against that organization.

In appealing the Rule 11 sanction, the appellants misrepresent the reason for the award, arguing that it should be overturned because "the claims [asserted against the Towing defendants] are not frivolous." In fact, they were sanctioned not for making frivolous arguments, but for Mr. Ho'okano's failure to conduct a reasonable investigation of the facts prior to attempting to substitute the Towing defendants for the Doe defendants. The record makes that failure apparent, and Judge Wilken did not abuse her discretion in issuing the sanction. *See G.C. & K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir.2003).

The Towing defendants' motion for attorney fees under Federal Rule of Appellate Procedure 38 is denied.

**AFFIRMED.**